UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JULIO GARAVELLO,

   Plaintiff,

v.

WELLS FARGO BANK, N.A.,
a National Banking Association,

   Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIO GARAVELLO ("Mr. Garavello" or "Plaintiff") files this Complaint against Defendant, WELLS FARGO BANK, N.A. ("WFB" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331, as it arises under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as his FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Manatee County, Florida, and this venue is therefore proper.

7. Defendant is a national banking association that does business across the country and in Manatee County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA as well as §760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12. On or around October 4, 2019, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On August 11, 2020, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Mr. Garavello worked as a Personal Banker for the Defendant from December 1, 2013, until his wrongful termination on February 28, 2019.

18. Mr. Garavello was an excellent employee with no significant history of performance, attendance or disciplinary issues, and who constantly received good reviews for his performance throughout his tenure.

19. Unfortunately, in the fall and winter of 2018, Mr. Garavello began suffering excruciating lumbar strain with radiculopathy down his extremities as well as lumbar decompressions, all of which disrupted the major life activities of sitting, standing, and working.

20. Mr. Garavello quickly informed WFB Branch Manager, Sonja Vanderzee, that he was suffering disabilities and serious health conditions.

21. Lumbar decompressions and lumbar strain with radiculopathy are protected disabilities under the FCRA/ADA, and serious health conditions under the FMLA.

22. After Mr. Garavello disclosed his conditions, WFB began discriminating against and interfering with him in various ways.

23. Specifically, despite receiving approval by WFB to participate in Certified Banking classes, Ms. Vanderzee deliberately failed to sign Mr. Garavello up for same before the deadline, thereby denying him the opportunity to advance in the company.

24. Other non-disabled WFB bankers were successfully signed up and allowed to take the classes as scheduled.

25. Furthermore, after his disability and serious health condition disclosures, WFB management relentlessly harassed and targeted Mr. Garavello by habitually writing him up for minor infractions for which his non-disabled counterparts were not disciplined.

26. Mr. Garavello's working environment became abusive, discriminatory, retaliatory, and disruptive to the point that he felt he was being forced out of his employment simply because of his disabilities and serious health conditions and his potential need for time off to attend to his serious health conditions or accommodation for his disabilities.

27. Sadly, Mr. Garavello's condition worsened to the point where his medical team recommended that he undergo surgical intervention to get his serious health conditions in check.

28. Mr. Garavello therefore requested, and was approved for, FMLA leave from December 13, 2018, through February 17, 2019, in order to prepare for, undergo, and commence recovery from spinal fusion surgery in his lower back.

29. Upon returning to work at WFB from his successful surgery, Mr. Garavello's treating physician recommended that he refrain from sitting or standing for more than one (1) hour, and that he be allowed to take a full one (1) hour lunch break every day so he could go home and sit on an orthopedic chair to lessen his pain.

30. Mr. Garavello informed his managers and supervisors at WFB of this very reasonable work restriction, and requested that WFB observe it as a modest, non-burdensome, reasonable accommodation for his disabilities.

31. Instead, WFB constantly referred him a barrage of customers without allowing him any meaningful break from standing/sitting as required by his medical team.

32. Furthermore, on those occasions when Mr. Garavello was able to go home on his lunch hour, WFB managers pressured him to come back early, causing him to cut his treatment short and increasing his pain levels throughout the day.

33. On February 28, 2019, mere days after Mr. Garavello returned from his approved FMLA leave, WFB Branch Manager Manuel Suazo and Operations Manager Kelsey informed him that he WFB had terminated his employment, effective immediately.

34. When Mr. Garavello asked why WFB had fired him, Mr. Suazo referred to an alleged incident with a customer that had taken place in November of 2018, more than three (3) months prior.

35. The timing of this alone establishes that WFB's "customer incident" narrative is pure pretext.

5

36. What's more, as Mr. Garavello reminded Mr. Suazo, WFB had already investigated the alleged "customer incident" and Mr. Garavello had been exonerated from any culpability in the matter.

37. Mr. Suazo then lamely mumbled something about Mr. Garavello's termination being a "Human Resources decision."

38. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

39. An employer is required to provide its disabled with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

40. Mr. Garavello is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as a Personal Banker.

41. Allowing Mr. Garavello to use his orthopedic chair at home for a limited amount of time each day without penalty or negative repercussions, such as exhortations to return to work early or outright termination, would have been a reasonable accommodation.

42. This accommodation would have imposed no undue hardship on Defendant.

43. In reality, Defendant's termination of Mr. Garavello stemmed from its discriminatory animus toward his very recent use of FMLA leave and his need for accommodation under the ADA/FCRA.

44. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

45. The timing of Plaintiff's termination makes the causal connection between his use of FMLA leave, his request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

46. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

47. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

48. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination.

49. Defendant did not have a good faith basis for its actions.

50. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

51. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

52. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

53. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

54. Defendant, however, being well-aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking FMLA leave to seek treatment, and for requesting reasonable accommodation.

55. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Mr. Garavello based solely upon his disability.

56. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

57. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

58. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

59. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

60. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

61. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

62. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his disability and/or "perceived disability."

63. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

64. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 5 through 9, 17 through 28, 33 through 38, 43, 45 through 50, 54, and 63 through 64, above.

66. At all times relevant hereto, Plaintiff was protected by the FMLA.

67. At all times relevant hereto, Defendant interfered with Plaintiff by harassing and targeting him and excluding him from classes after he disclosed his serious health conditions, and writing him up spuriously while declining to write up healthy counterparts for the same infractions.

68. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

69. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

70. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

71. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 5 through 9, 17 through 28, 33 through 38, 43, 45 through 50, 54, and 63 through 64, above.

72. At all times relevant hereto, Plaintiff was protected by the FMLA.

73. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use of FMLA protected leave.

74. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

75. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

76. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

77. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

78. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1 through 7, 10 through 45, and 48 through 64, above.

79. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

80. The discrimination to which Plaintiff was subjected was based on his disabilities and/or "perceived disabilities."

81. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

82. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

83. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

84. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

85. Plaintiff reincorporates and readopts the allegations contained within paragraphs 1 through 7, 10 through 45, and 48 through 64, above.

86. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

87. The discrimination to which Plaintiff was subjected was based on his disabilities/handicaps, or "perceived disabilities."

88. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

90. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

91. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 2nd day of September, 2020.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com